# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SETH KUCHLER, ET AL.**                                **CIVIL ACTION**

**v.**                                                  **NO: 25-2064**

**JOE LEE, ET AL.**                                     **SECTION: C (5)**

### ORDER AND REASONS

Before the court is <u>Plaintiff's Motion for Equitable Tolling</u> (R. Doc. 12) filed on December 22, 2025.  The motion is **DENIED**.

## I.    BACKGROUND

On October 2, 2025, Seth Kuchler filed a collective action for himself and those similarly situated alleging violations of the Fair Labor Standards Act (FLSA), the Louisiana Wage Payment Act, and for retaliation under the FLSA as applied to Kuchler. [1]  Defendants filed a motion to dismiss the initial complaint. [2]  On December 2, 2025, Kuchler filed his first amended complaint (FAC), asserting the same claims as his initial complaint. [3]  That resulted in defendants' motion to dismiss the original complaint being denied as moot. [4]  Defendants then answered the FAC. [5]

---

[1] R. Doc. 1.
[2] R. Doc. 6.
[3] R. Doc. 8.
[4] R. Doc. 13.
[5] R. Doc. 11.

On December 22, 2025, Kuchler filed the instant motion seeking equitable tolling for potential class members in the FLSA action.[6]  Kuchler, a former officer with the Pearl River Police Department, alleged that defendants employed a  policy of failing to compensate employees for hours worked in excess of forty hours per week in violation of the FLSA.[7]  On March 23, 2026, plaintiff's counsel submitted a Notice of Additional Named Plaintiffs bearing the written consents of Sean Dancer, Jayson Germann, and Destini Navarro to adopt the earlier allegations made by Kuchler.[8]

## II.    ANALYSIS

A cause of action under the FLSA "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a).  A FLSA cause of action accrues on each regular payday immediately following the work period for which overtime compensation is claimed.  *Mata v. Caring For You Home Health, Inc.*, 94 F. Supp. 3d 867, 878 (S.D. Tex. 2015) (citing *Halferty v. Pulse Drug Co.*, 821 F.2d 261, 271 (5th Cir.1987)).  Generally, an action starts when the complaint is filed.  *Id.*

---

[6] R. Doc. 12.
[7] *Id.* at 1–2.
[8] R. Doc. 21.

§ 256(a).[9]  However, in a collective action this holds true only for named plaintiffs who file a written consent to be a plaintiff on that date.  *Id.*  In the absence of a written consent, and for unnamed opt-in plaintiffs, a FLSA action starts on the date written consent is filed.  *Id.* § 256(b).[10]

Equitable tolling preserves a claim when enforcement of the statute of limitations would be unjust.  *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995).  Federal statutes of limitations are generally presumed subject to equitable tolling unless Congressional policy dictates otherwise.  *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10–11 (2014).  Equitable tolling may allow the action to be considered started at an earlier date for unnamed opt-in plaintiffs, permitting an otherwise expired claim to survive.

The Fifth Circuit strictly construes the FLSA statute of limitations provision. *Atkins v. General Motors Corp.*, 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983); *see also Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) ("Equitable tolling is to be applied sparingly.") (internal quotations omitted).  Courts apply equitable tolling most frequently where "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."

---

[9] Because Kuchler's complaint was filed October 2, 2025, the look back period for his FLSA claims extends to October 2, 2023 for non-willful violations and October 2, 2022 for willful violations.

[10] For Dancer, Germann, and Navarro, because their written consents were filed March 23, 2026, the look back period for their FLSA claims extends to March 23, 2024 for non-willful violations and March 23, 2023 for willful violations.

3

*Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (citation omitted).  The Supreme Court has outlined reasons for equitable tolling, including inadequate notice of claimants, pending appointment of counsel beyond the plaintiff's control, misleading or incorrect information from the court, and affirmative misconduct by the defendant.  *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).  The litigant seeking equitable tolling must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Kuchler argues he has acted with reasonable diligence prosecuting this case, including attempting to secure a tolling agreement with defendants, commencing this lawsuit, filing an amended complaint, and filing the instant equitable tolling motion.  He also argues that *Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430 (5th Cir. 2021) implemented a new legal framework for certification of a collective action under FLSA that imposes a procedural hardship on claimants, which should potentially give courts a reason to grant equitable tolling.[11]

---

[11] In *Swales*, the Fifth Circuit rejected the previously used two-step conditional certification method for FLSA collective actions which afforded leniency to plaintiff employees' requests to issue notice to prospective parties and strictly scrutinized decertification motions typically filed by employers.  985 F.3d at 443.

Post-*Swales*, courts within the Fifth Circuit must "identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated' and conduct preliminary discovery accordingly.  In other words, the district court, not the standards from *Lusardi* [*v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)], should dictate the amount of discovery needed to determine if and when to send notice to potential opt-in plaintiffs." *Id.* at 441.

This litigation has now proceeded for over ten months in a regular and orderly fashion. No activity by either party suggests delay tactics or a lack of diligence. Likewise, nothing before the court reflects extraordinary circumstances preventing Kuchler or any prospective party from prosecuting a case. *See Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 321 (5th Cir. 2017) ("[W]e will not transform routine litigation into an extraordinary circumstance."). And there is no legal support for the argument that complying with the post-*Swales* mandates warrants the application of equitable tolling.

The subject claims relate to an alleged policy denying overtime pay. Kuchler correctly notes that the nature of the accrual of prescription means that each day a plaintiff can lose part of his or her claim. But, that is the nature of prescription; one day the claim exists, and the next day it may not. *See, e.g.*, *Mosley v. Bristow U.S., LLC*, No. CV 23-2674, 2023 WL 6976891, at *4 (E.D. La. Oct. 23, 2023). The statutory prescriptive period is at least *two years* from the end of the pay period during which the employee was allegedly denied overtime pay. That is a substantial period allowing for suit to be filed to collect payments which an employee knows or should know are not paid at the moment he or she is not paid. Also, Kuchler's complaint is replete with references to communications between him and his fellow Pearl River police officers about the compensation issue. Nothing suggests extraordinary circumstances that justify extending the prescriptive period by

5

equitable tolling.  This argument is without merit.  *See Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 770 (N.D. Tex. 2013); *Escobedo v. Dynasty Insulation, Inc.*, 694 F. Supp. 2d 638, 655 (W.D. Tex. 2010) (rejecting equitable tolling for FLSA claim on the grounds that opt-in plaintiffs were not "excusably unaware" of their claims if they worked more than forty hours per week and knew they were entitled to overtime compensation).

Kuchler alleges a retaliatory environment at the Pearl River Police Department that could prevent unnamed opt-in plaintiffs from joining this lawsuit. But, three plaintiffs have joined the case in the last five months, suggesting potential opt-in plaintiffs are likely aware of their rights.

Plaintiff fails to establish the extraordinary circumstances required for equitable tolling.  The motion is denied.

## III. CONCLUSION

Plaintiff's Motion for Equitable Tolling (R. Doc. 12) filed on December 22, 2025 is **DENIED**.

New Orleans, Louisiana this 5th day of August 2026

_____
WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE